# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| KUMAIL MIRZA<br>317 4th Street SE<br>Washington, D.C. 20003<br>A#: 077-819-257 | )<br>)<br>)<br>)<br>) | |
| Plaintiff, | ) | Civil Case No. 22-cv-1392 |
| | ) | |
| v. | ) | |
| | ) | |
| UR MENDOZA JADDOU,<br>DIRECTOR<br>U.S. Citizenship & Immigration<br>Services<br>20 Massachusetts Avenue NW<br>Washington, DC 20529 | )<br>)<br>)<br>)<br>)<br>)<br>) | |
| TRACY RENAUD,<br>ASSOCIATE DIRECTOR,<br>SERVICE CENTER<br>OPERATIONS DIRECTORATE<br>U.S. Citizenship & Immigration<br>Services<br>20 Massachusetts Avenue NW<br>Washington, D.C. 20529 | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | JURY TRIAL DEMAND |
| ALEJANDRO MAYORKAS,<br>SECRETARY OF THE<br>DEPARTMENT OF HOMELAND<br>SECURITY<br>Department of Homeland Security<br>301 7th Street NW<br>Washington, D.C. 20528 | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | |
| Defendants. | | |

**PETITION FOR A WRIT IN THE NATURE OF MANDAMUS AND AN INJUNCTION TO PROHIBIT DEFENDANTS FROM VIOLATING PLAINTIFF'S CONSTITUTIONAL RIGHTS**

COME NOW Plaintiff, Kumail Mirza (hereinafter "Plaintiff"), by and through his attorney, Hassan Ahmad, Esq., in the above-captioned matter, and for causes of action which would show unto the Court the following:

1. This action is brought for a hearing to decide the I-131 Application for Advance Parole Travel Document filed by Plaintiff which was received by Defendant, U.S. Citizenship and Immigration Services ("USCIS") on December 31, 2021.

2. This action is brought as a writ in the nature of mandamus to compel Defendants' adjudication of Plaintiff's I-131 Petition which Plaintiff has requested pursuant to the Administrative Procedures Act ("APA"), 5 U.S.C. §701 et seq., in that Defendants are unlawfully withholding or unreasonably delaying action on Plaintiff's I-131 Petition and have failed to carry out the adjudicative functions delegated to them by law with regard to Plaintiff's case.

3. This action is brought to enjoin Defendants from violating Plaintiff's constitutional rights. The Due Process Clause of the Fifth Amendment prohibits the government from depriving any person of life, liberty or property without due process of law, and the Equal Protection Clause of the Fourteenth Amendment requires the government to adjudicate Plaintiff's Petition as compared to other similarly situated petitioners.

## PARTIES

1. Plaintiff is a lawful resident of the United States and a citizen of Pakistan. **See, A#: 077-819-257.** Plaintiff resides with his United States citizen wife in Washington, D.C. **See, Exhibit A, Proof of Residence.**

2. Defendant, Alejandro Mayorkas, is the Acting Secretary of the Department of Homeland Security ("DHS") and this action is brought against him in his official capacity. He is generally charged with enforcement of the Immigration and Nationality Act ("INA") and is further authorized to delegate such powers and authority to subordinate employees of the DHS. 8 U.S.C. §1103(a); 8 C.F.R. §2.1.

3. Defendant, Ur Mendoza Jaddou, is the Director of USCIS, an agency within the DHS to whom the Secretary's authority has in part been delegated, is subject to the DHS Secretary's supervision, and is an official generally charged with the overall administration of immigration benefits and services. 8 C.F.R §100.2(a).

4. Defendant, Tracy Renaud, is the Associate Director for Service Center Operations, charged with overseeing all activities at the five USCIS service centers which oversee applications, petitions, and requests filed with USCIS. 8 C.F.R. §2.1. Upon information and belief, Defendant Renaud oversees the National Benefits Center where Plaintiff filed his I-131 Application.

## JURISDICTION

5. This Honorable Court has federal question jurisdiction over this case pursuant to 28 U.S.C. §1331, as it raises claims under the Constitution of the United States, the INA, 8 U.S.C §1101 et seq., and the APA, 5 U.S.C. §701 et seq.  In addition, jurisdiction is proper in accordance with the Mandamus Act, 28 U.S.C. §1361.  Relief is requested pursuant to said statutes and law.

## VENUE

6. Venue is proper pursuant to 28 U.S.C. §1391(b)(1) because all defendants reside in the District of Columbia.  Under U.S. law, residency of Defendants, Alejandro Mayorkas, Ur Mendoza Jaddou, and Tracy Renaud, is established by determining the residency of their respective organizations, the DHS and USCIS.

7. DHS and USCIS are residents of the judicial districts where they are domiciled.  Since DHS and USCIS have their principal place of business in Washington, D.C., they are residents of Washington, D.C. for the purposes of venue.  Thus, venue is proper in the District of Columbia since all Defendants reside in Washington, D.C.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

8. On October 10, 2017, Defendant USCIS received Plaintiff's I-130 Petition filed by his United States citizen spouse, Lauren Bryant.  Defendant USCIS failed to adjudicate the I-130 Petition for nearly two (2) years – over twice the normal processing time as other I-130 Petitions filed at the same Service Center.

9. On or about July 11, 2019, Plaintiff and Mrs. Bryant filed a writ of mandamus to compel Defendant USCIS to adjudicate their I-130 Petition.

10. Thereafter, on August 19, 2019, USCIS granted the I-130 Petition for Alien Relative filed

by Plaintiff and Mrs. Bryant. **See, Exhibit B, I-130 Petition Approval Notice.** Plaintiff agreed to withdraw the writ of mandamus as moot.

11. On December 3, 2021, the United States Immigration Court entered an Order granting the motion to terminate removal proceedings brought jointly by Plaintiff and Immigration and Customs Enforcement ("ICE"). **See, Exhibit C, Termination Order**.

12. On December 31, 2021, Defendant USCIS received: [1] Plaintiff's I-485 Application to Adjust Status, Receipt #: IOE0914702833; [2] I-765 Application for Employment Authorization, Receipt #: IOE0914702835; and [3] I-131 Application for Advance Parole Travel Document, Receipt # IOE0914702834. **See, Exhibit D, USCIS Receipt Notices, dated December 31, 2021.**

13. Since sending the receipt notice to Plaintiff, USCIS has not provided a meaningful status update with respect to the adjudication of his I-131 Application.

14. Plaintiff filed his I-131 Applications with USCIS's National Benefits Center. At the time of filing, the National Benefit Center's Processing Time for such applications was three (3) to seven (7) months after the receipt notice date of said applications.

15. Critically, on March 29, 2022, USCIS announced its efforts to increase efficiency and reduce burdens to the overall legal immigration system. In furtherance of this effort, USCIS established new internal cycle time goals to reduce the substantial backlog of pending applications. The new cycle goal for processing I-131 applications is three (3) months. The new cycle goal for processing I-485 applications is six (6) months. **See, Exhibit E, USCIS New Cycle Time Goals.**

16. On April 5, 2022, Plaintiff sent correspondence addressed: [1] to USCIS's National Benefits Center; and [2] directly to Defendant Mayorkas at USCIS by certified United

5

States Postal Service requesting a status update regarding his I-131 application. Plaintiff stressed that he needed to obtain the Advance Parole document for scheduled international travel in August 2022. **See, Exhibit F, USCIS Status Request.**

17. On April 17, 2022, Plaintiff again contacted USCIS by telephone and was advised that USCIS was in receipt of Plaintiff's correspondence. However, USCIS failed to provide a status update or advise as to a potential date of adjudication.

18. On April 28, 2022, Plaintiff reached out to USCIS using the virtual "EMMA" chat feature on USCIS's website and requested an Infopass appointment regarding his pending I-131, I-765 and I-485 Applications. The USCIS agent refused to schedule an Infopass appointment but advised that another service request would be sent to USCIS, citing Service Request number T1B1182203070MSC.

19. On May 2, 2022, Anna Pons, Management and Program Analyst at the DHS/USCIS, telephoned Plaintiff and advised him that USCIS would be expediting the adjudication of his I-131 Application. Ms. Pons told Plaintiff that on April 29, 2022, Plaintiff's I-131 Application had been assigned to a USCIS agent and that Plaintiff should expect to receive a decision regarding his I-131 Application within three (3) to seven (7) business days. Accordingly, Plaintiff should have received, at bottom, a status update on or before May 11, 2022 [i.e., 7 business days from the date of Ms. Pons' telephone call).

20. On May 10, 2022, Plaintiff contacted USCIS by telephone and expressed concern that he had not received any correspondence from USCIS regarding the tracking information associated with the expedited I-131. The USCIS agent also confirmed that the I-131 Application had been expedited but could not provide a timeline for when the Application would be adjudicated. The agent also told Plaintiff that he should have received a new

tracking number for the expedited Application and that Plaintiff should call back if he did not receive any such correspondence by the end of the week.

21. On May 13, 2022 – two weeks after Plaintiff's I-131 Application had been assigned to an agent for expedited processing – Plaintiff once again contacted USCIS by telephone. The USCIS agent confirmed that Plaintiff's I-131 Application had been approved for "expedited" processing but could not say when the Application would be adjudicated. Plaintiff requested an Infopass appointment with his local field office. The USCIS officer advised that someone from Plaintiff's local field office would reach out by telephone within 72 hours. The agent provided Plaintiff with the following service item number: 2287-8288.

22. On May 16, 2022, Agent Lopez from Plaintiff's local USCIS field office contacted Plaintiff by telephone regarding his request for an Infopass appointment. Plaintiff provided the agent with his receipt number and service item number. Incredibly, Ms. Lopez told Plaintiff that there was <u>no</u> indication in her system that Plaintiff's application had been approved for expedited processing, breaking with the status updates from Ms. Pons and the above USCIS agents who informed Plaintiff that his Application <u>had</u> been marked "expedited" in the system. Ms. Lopez advised that she would forward Plaintiff's inquiry to the National Benefits Center for clarification.

23. At the time of filing, Plaintiff has *still not received* any further information or clarification on Plaintiff's Expedited I-131 Application. As evidenced by USCIS's agreement to expedite the Application over two weeks ago, the prompt adjudication of the pending Application is critical and necessary in order for Plaintiff to complete his scheduled international travel.

24. Since speaking with Ms. Pons on May 2, 2022, Plaintiff has not received a tracking number for the expedited Application or any further information regarding an expected date of adjudication.

25. Since getting married in 2017 and expeditiously filing his I-130 Petition in October, 2017, Plaintiff has been waiting for <u>over four and a half years</u> to obtain his Green Card, due wholly to Defendant USCIS's failure to timely adjudicate Plaintiff's I-130, I-131, I-765, and I-485 Applications.

**FIRST CLAIM FOR RELIEF**

**(Unreasonable Delay in Adjudicating Plaintiff's I-131 Applications)**

26. Plaintiff alleges and incorporates by reference paragraphs one through seventeen as though fully set forth herein.

27. Plaintiff seeks to have USCIS adjudicate his I-131 Application for Advance Parole Travel Document.

28. At the time of filing the foregoing Application, the National Benefit Center's processing times for an I-131 application three (3) to seven (7) months after the receipt notice date of said application. As of March 29, 2022, the USCIS announced that the new cycle goal for processing an I-131 application would be three (3) months. **See, Exhibit E.** In accordance with USCIS's new processing timelines, Plaintiff should have received adjudication of his I-131 Petition and I-765 Petitions by March 31, 2022. In accordance with USCIS's agreement to expedite Plaintiff's I-131 Application, Plaintiff should have received adjudication of his Application on or before May 11, 2022.

29. As of the date hereof – nearly five months after USCIS sent the receipt notice and two weeks after USCIS agreed to expedite processing of Plaintiff's I-131 Application –

8

Plaintiff has yet a meaningful response from USCIS regarding his expedited Application.

30. As discussed herein, prompt adjudication of the foregoing applications is necessary for Plaintiff to move forward with scheduled international travel.

31. Plaintiff has used all available resources to inquire about his I-131 Application. This included contacting USCIS by certified mail correspondence to both Defendant Mayorkas and the National Benefits Center; multiple telephone conversations; and a conversation via USCIS's virtual "EMMA" chat feature, not to mention multiple attempts to contact USCIS during normal business hours where Plaintiff was unable to reach an agent. As of the time of filing, USCIS has not provided any information or status update with respect to an expected adjudication date for Plaintiff's expedited I-131 Application. USCIS also denied Plaintiff's request for an Infopass appointment to discuss the status of his pending applications.

32. The Administrative Procedure Act ("APA") requires that "[w]ith due regard for the convenience and necessity for the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it." 5 U.S.C §555(b). In addition, §709 of the APA "allows a court to 'compel agency action unlawfully withheld or unreasonably delayed." Afghan and Iraqi Allies under Serious Threat Because of their Faithful Service to the United States v. Pompeo, 2019 WL 367841 1, 10 (D.D.C. 2019); Geneme v. Holder, 935 F.Supp.2d 184, 192 (D.D.C. 2013). A violation of this duty is sufficient basis for mandamus relief.

33. Defendants, in violation of 5 U.S.C. §701 *et seq.*, are unlawfully withholding or unreasonably delaying action on Plaintiff's I-131 Application. Defendants have failed to carry out the adjudicative functions delegated to them by law with regard to Plaintiff's

case.

34. There is no reason that Plaintiff's I-131 Application requires additional processing time or further USCIS investigation. Indeed, USCIS has already agreed to expedite the Application and, in any event, Plaintiff has provided all of the necessary documentation as it was submitted in connection with Plaintiff's I-485 Application. Critically, Plaintiff already has an approved I-130 Petition and a Court-ordered termination order terminating removal proceedings. Plainly, there is no conceivable excuse for delaying the adjudication of an I-131 Application which USCIS has *already agreed to expedite*.

35. Plaintiff is entitled to a writ of mandamus only if "he has exhausted all other avenues of relief and only if the defendant owes him a clear non-discretionary duty." Norton v. S. Utah Wilderness All., WL 367841 10 (D.D.C. 2019). Here, Plaintiff has exhausted all avenues of relief as he has repeatedly contacted USCIS about the pending I-131 and I-765 Applications via certified mail, telephone, and virtual correspondence. To date, USCIS has not provided any status update or a meaningful response about the adjudication of the foregoing petitions.

36. Courts within the D.C. Circuit apply a six-factor test to determine whether agency action has been unreasonably delayed. Geneme v. Holder, 935 F.Supp.2d 192-193 (D.D.C. 2013). This includes the time agencies take to make decisions, whether Congress has set a specified time scheme for agency actions, whether the delays are reasonable when human health and welfare are considered, whether the court's intervention into the agency's delayed action will affect a competing agency priority, what the nature and extent of the prejudiced interests are, and whether there is agency impropriety in the agency's unreasonably delayed action. Id.

37. Here, USCIS has unnecessarily delayed the adjudication of Plaintiff's I-131 Application outside of its self-imposed three-month deadline for adjudicating such Applications, as well as the three (3) to seven (7) business-day deadline under expedited processing times. **See, Exhibit E.**

38. This delay is, unfortunately, part of an overall pattern of USCIS's failure to timely adjudicate Plaintiff's Applications in this case. Indeed, Plaintiff began the adjustment of status process almost <u>five years ago</u> by filing his I-130 Petition in October, 2017, which USCIS <u>only</u> agreed to adjudicate after Plaintiff filed a previous writ of mandamus to compel USCIS to do so. Such motions are costly, time consuming, and place a strain on judicial resources. However, based on USCIS's repeated failure to timely adjudicate Plaintiff's case since 2017, such motion practice is Plaintiff's only remedy at present.

39. This Court's intervention is needed so that USCIS can provide Plaintiff a response to his I-131 Application without continuing to hold Plaintiff in limbo for an indefinite period of time. This is especially true when one considers "[USCIS's] obligation to act on plaintiff's application in a reasonably timely manner." <u>Geneme v. Holder</u>, 193, <u>quoting</u>, <u>Al Karim v. Holder</u>, 2010 WL 1254840 1, 3 (D.Colo. Mar. 29, 2010).

40. Here, there has been no explanation offered whatsoever for the unreasonable and unsubstantiated delay in adjudicating Plaintiff's I-131 Application which has already been marked as USCIS as "expedited" as of two weeks prior to the filing of this motion. This leaves Plaintiff in the position of unreasonably facing delay while waiting to hear from USCIS regarding an adjudication of the foregoing Applications.

## SECOND CLAIM FOR RELIEF

**(Violation of Right to Due Process of Law and Equal Protection)**

41. Plaintiff alleges and incorporates by reference paragraphs one to forty as though fully set out herein.

42. The right to fundamental fairness in administrative adjudication is protected by the Due Process Clause of the Fifth Amendment of the United States Constitution which is incorporated through the Fourteenth Amendment to apply to individual persons in the United States who are under the jurisdiction of the U.S. Courts.

43. The Supreme Court has noted in <u>Zadvydas</u> that "the Due Process Clause applies to all 'persons', within the United States, including noncitizens, whether their presence here is lawful, unlawful, temporary, or permanent." (quoted in <u>R.I.L.-R v. Johnson</u>, 80 F.Supp.3d 164, 187 (D.D.C. 2015).

44. While a District Court in the State of Washington found that the Due Process Clause does not apply to immigration applicants who wish to adjust status to non-permanent residents, <u>Wagafe v. Trump</u>, 2017 WL 2671254 at 9 (W.D. Wash. 2017), the Washington District Court's ruling is subordinated to the Supreme Court's holding in <u>Zadvydas</u>, meaning that the Due Process Clause applies to Plaintiff.

45. The combined delay and failure to act by Defendants USCIS and the DHS has violated the due process rights of Plaintiffs in that they have faced unreasonable delay while waiting to hear from USCIS regarding an adjudication of Plaintiff's I-131 Application.

46. Under the Equal Protection Clause of the Fourteenth Amendment, individuals are entitled to have their claims compared and adjudicated in a manner comparable to other similarly situated petitioners.

47. Plaintiff's I-131 Application is not treated analogously to other similar Applications because: [1] it is outside the three-month processing time imposed by USCIS under its

new guidelines; and [2] it is outside the 3 to 7 business-day processing time afforded to expedited applications, as per Ms. Pons' and USCIS's assurances to Plaintiff.

48. Thus, the delay in adjudicating Plaintiff's I-131 Application violates the Equal Protection Clause of the Fourteenth Amendment.

## EXHAUSTION OF REMEDIES

49. Plaintiff has exhausted his administrative remedies. Since filing his I-485, I-131, and I-765 Applications with USCIS in 2021, Plaintiff has made numerous inquiries by certified letter correspondence, telephone, and virtual "EMMA" chat regarding the status of Plaintiff's Applications. Since the case was allegedly assigned to a USCIS agent on April 29, 2022 for expedited processing, and the ensuing conversation with Ms. Pons on May 2, 2022, Plaintiff has not received any meaningful response or status update from USCIS regarding his expedited I-131 Application or the expected date of adjudication.

50. The details of Plaintiff's efforts to obtain a status update from USCIS regarding the adjudication of the foregoing applications are detailed in paragraphs sixteen through twenty herein.

## REQUEST FOR RELIEF

WHEREFORE, in view of the arguments and authority noted herein, Plaintiff respectfully requests that Defendants be cited to appear herein and that, upon due consideration, this Court:

1. Order Defendants to adjudicate Plaintiff's I-131 Application;
2. Issue a declaratory judgment holding unlawful Defendants' actions in failing to expeditiously adjudicate Plaintiff's Expedited I-131 Application in violation of his Fifth Amendment Due Process Rights and in violation of the Equal Protection Clause

of the Fourteenth Amendment; and

3. Order that Plaintiff has a trial by jury on the instant case; and

4. Grant an award of damages to be determined; and

5. Grant an award of reasonable attorneys' fees under the Equal Access to Justice Act; and

6. Award any such other and further relief at law and in equity as justice may require.

This 18th day of May, 2022.

Respectfully Submitted,

_____/s/ Hassan Ahmad_____
BY: Hassan Ahmad, Esq. (DDC: MD16049)
THE HMA LAW FIRM, PLLC
8133 Leesburg Pike #801
Vienna, VA 22182
Tel: (703) 964-0245
Fax: (703) 997-8556
hma@hmalegal.com
*Attorney for Plaintiff*
